```
 1  ADAM GORDON
    United States Attorney
 2  FRANCISCO NAGEL
    Assistant U.S. Attorney
 3  Illinois Bar No. 6321196
    United States Attorney's Office
 4  880 Front Street, Room 6293
    San Diego, CA 92101
 5  Telephone: (619) 546-6745
    Email: Francisco.Nagel@usdoj.gov
 6
 7  Attorneys for the United States
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.: 25-CR-1502-JES |
|---|---|
| Plaintiff, | **JOINT MOTION TO CONTINUE MOTION HEARING/TRIAL SETTING AND TO EXCLUDE TIME** |
| v. | |
| FARLIS ALMONTE (1), RICARDO RODRIGUEZ (2), JOSE LUIS BATIZ (4) | |
| Defendants. | |

Defendants Farlis ALMONTE, by his counsel, Alana L. McMains; Ricardo RODRIGUEZ, by his counsel, Russell S. Babcock; and Jose Luis BATIZ, by his counsel, Armando Galvan, Jr., and the United States jointly move to continue the Motion Hearing/Trial Setting scheduled for January 23, 2026, at 9:00 a.m., to March 6, 2026, at 9:00 a.m. The parties also jointly move to exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1) (D) and (h)(7)(A).

1. The Indictment in this case was returned on May 1, 2025. Dkt. No. 20. The defendants in the case were arraigned on the charges on different dates. Two defendants, Jaime TORRES Jr. and Kairy Stephania QUINONEZ, were arraigned on the charges on May 5 and 7, 2025. Dkt. Nos. 10, 18. (TORRES pleaded guilty on November 18, 2025, and QUINONEZ recently pleaded guilty on January 8,

2026. Both await sentencing. Dkt. Nos. 83, 103.) Then defendants ALMONTE and RODRIGUEZ were arraigned on the charges on June 12, 2025. Dkt. No. 37. Defendant BATIZ was then arrested on August 2, 2025, and arraigned on the charges on August 4. Dkt. No. 50. The Speedy Trial Act requires trial to commence within 70 days from the later of those dates.

2. The Act excludes certain periods of time in calculating the 70 days. Those periods include delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The Court must "set[] forth … either orally or in writing, its reasons" for the finding. *Id.* And the Court "shall consider" the following factors, "among others":

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> …
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the existence of due diligence.

18 U.S.C. § 3161(h)(7)(B). "No continuance under [this provision] shall be granted because of general congestion of the Court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." 18 U.S.C. § 3161(h)(7)(C).

3. The ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial, for the following reasons:

a. The date, the United States has produced about 6,140 pages of discovery and 497 video and media files, totaling over 580 gigabytes. The discovery includes reports of investigation, custody receipts, TECS records, criminal history reports, post-arrest interviews, witness interviews, jail calls, and related case file discovery.

b. The discovery in this case is voluminous, and defense counsels need additional time to complete their review of the discovery, to confer with their clients regarding it, and to consider issues in the case to adequately prepare defenses. This is especially true for defendant BATIZ who was arrested only in early August. The parties also anticipate using the additional time to attempt to negotiate any resolutions and to review existing offers in light of the voluminous discovery. In addition, defendant RODRIGUEZ has a change-of-plea hearing set for January 27, 2026. Dkt. No. 110.

c. Given these circumstances, it would be unreasonable to expect defense counsels to be able to adequately review the voluminous discovery and effectively prepare for pre-trial motions and trial within the period normally prescribed by the Speedy Trial Act, 18 U.S.C. § 3161, et seq., taking into account the exercise of due diligence. Additionally, the parties should be allowed a discrete amount of time to attempt to negotiate the case, after defense counsels have a sufficient grasp of the discovery material. Consequently, the ends of justice served by a continuance outweigh the best interest of the public and the defendants in a speedy trial. Moreover, there are pending motions before the Court.

4. The parties therefore jointly move to continue the Motion Hearing/Trial Setting to March 6, 2026, at 9:00 a.m., and to exclude time under the Speedy Trial Act. The period of delay excluded should span from the filing of this motion, 18 U.S.C. § 3161(h)(1) (D) and (h)(7)(A), until the next court date.

Respectfully submitted,

Dated: January 16, 2026  /s/ Francisco Nagel
Francisco Nagel
Bianca Calderon-Peñaloza
Assistant U.S. Attorneys

Dated: January 16, 2026  /s/ Alana L. McMains
Alana L. McMains
Attorney for Farlis Almonte

Dated: January 16, 2026  /s/ Russell S. Babcock
Russell Babcock
Attorney for Ricardo Rodriguez

Dated: January 16, 2026  /s/ Armando Galvan, Jr.
Armando Galvan, Jr.
Attorney for Jose Luis Batiz